No. 933

First Circuit

---

BRADSHAW v. ROBINSON.

ANDERSON LUMBER CO. & FERGUSON,

*Intervenors*

---

(January 7, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal—Par. 625.

Finding of the trial court on matters of fact where clearly correct are affirmed.

Appeal from District Court of Vernon Parish. Hon. Hal A. Burgess, Judge.

Action by W. B. Bradshaw against J. F. Robinson. D. H. Anderson Lumber Company and Dan B. Ferguson, Intervenors.

There was judgment for plaintiff and defendant and intervenors appealed.

Judgment affirmed.

Hardin, Hardin & Cavanaugh, of Leesville, attorneys for plaintiff, Bradshaw and D. H. Anderson Lumber Company, Intervenor, appellees.

S. I. Foster and Boone & Boone, of Leesville, attorneys for defendant, Robinson, appellant, and Dan B. Ferguson, intervenor.

ELLIOTT, J. Suit on account, accompanied by allegations on which were obtained writs of attachment, sequestration, provisional seizure and garnishment.

W. B. Bradshaw advanced goods and merchandise to J. F. Robinson to enable him to cut and haul logs and piling. The logs were cut and hauled for D. H. Anderson Lumber Company, but the piling was received by Bradshaw. The defendant became indebted to the plaintiff to a considerable amount and, falling behind in his payments, plaintiff became uneasy and instituted suit, accompanying his demand with allegations on which were obtained a writ of attachment, sequestration, provisional seizure and garnishment. Exchange State Bank of Leesville was made garnishee. D. H. Anderson Lumber Company intervened in the suit through counsel that represent the plaintiff, claiming to be the owner of the logs seized. Dan B. Ferguson intervened in the suit through counsel that represent the defendant, claiming vendor's privilege on the logs and piling seized, alleging that he had sold the timber from which they had been cut to the defendant and had not been paid for same. Bradshaw filed an answer in the form of a

general denial not verified by oath to one of the interventions, but it does not appear from the document which one it intended to deny, and we are unable to ascertain from the record; therefore disregard it. Robinson filed an answer to the demand of the plaintiff and to the intervention of D. H. Anderson Lumber Company; but the Ferguson intervention was not answered by either of the other parties to the suit. When the case was taken up for trial the Ferguson intervention was dismissed. Bradshaw's total advances to Robinson amounted to $2009.37, against which credits were received from Robinson and applied to the account, both before and after the institution of the suit, reducing the amount claimed by the plaintiff at the time of the trial to $928.37, which includes an item of $137.00, which item defendant urges should be deducted as a further credit. Defendant filed a motion to dissolve the attachment on the ground that the allegations on which the attachment had been obtained were false and untrue, but the motion was by the court referred to the merits and appears from the evidence to have been tried therewith. The only issue between the plaintiff and defendant on the trial of the account was whether or not defendant justly owed the plaintiff the item of $137.00 which plaintiff claimed and defendant denied, and whether plaintiff was justified in obtaining the writ of attachment. With reference to the $137.00, it appears that piling to this extent was rejected by A. L. Houghten & Co. at Kansas City. The district judge held that under the evidence the plaintiff was entitled to charge the amount to the defendant. Our examination of the evidence on the subject leads us to the same conclusion. With reference to the charges on which the writ of attachment was based, the district judge held that same were not established by the evidence. The defendant, Robinson, appealed,

but has made no appearance in this court. Plaintiff Bradshaw and D. H. Anderson Lumber Company did not appeal. D. H. Anderson Lumber Company has not made any appearance in this court; but Bradshaw, the plaintiff, has appeared and in his brief argues that he filed an answer to Robinson's appeal, but we do not find the answer in the record and therefore hold that none was filed. As Bradshaw, appellee, has not answered the appeal taken by defendant, he has no standing to ask that the judgment appealed from by the defendant be amended or changed in his favor. We, therefore, do not consider plaintiff's argument that the attachment should have been sustained, nor that he is entitled to a privilege or other change in the judgment. The only question brought up by Robinson's appeal is that concerning the item of $137.00 already mentioned. The other questions decided by the lower court are not before us for review. The judgment appealed from is affirmed, the cost in the lower court to be paid as directed in the lower court, the cost of this appeal to be paid by defendant and appellant.